CODINGTON COUNTY LAND COMPANY, a Corporation,
Appellant, v. HILL et al, Respondents.

(202 N. W. 637.)

(File No. 5209.    Opinion filed February 16, 1925.)

1. **Bills and Notes—Answer—General Denial—Pleadings—Denial in Answer that Balance on Note Was Due and Unpaid Held to Present No Issue.**

   In action on note secured by mortgage, answer denying paragraph of complaint alleging that there was a balance due and unpaid presented no issue to be tried.

2. **Trial—Findings—Finding that Mortgage Ineligible to Record Held a Conclusion.**

   In action on note secured by mortgage, finding that mortgage was "ineligible for record" was a conclusion and not a finding of fact.

3. **Bills and Notes—Mortgages—Failure of Security Held Not to Impair Obligation of Debt.**

   Failure of security did not impair obligation of debt on note secured by mortgage.

4. **Trial—Appeal and Error—Findings Held Not Responsive to Issues nor Sufficient to Support Judgment.**

   In action on note secured by mortgage, findings that mortgage was ineligible to record and that plaintiff took proceedings to foreclose mortgage by advertisement and that sale was void held not responsive to issues nor sufficient to support judgment dismissing action.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by the Codington County Land Company against L. G. Hill and another. From a judgment of dismissal, plaintiff appeals. Reversed.

*McFarland & Kremer,* of Watertown, for Appellant.
*Hanten & Hanten,* of Watertown, for Respondents.

BURCH, Circuit Judge.    This appeal is from a judgment dismissing the action of plaintiff.    There was no motion for new trial.    No question of the sufficiency of the evidence is presented. What may be reviewed on appeal from a judgment alone is fully stated in the case of Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874.    All we need consider are the sufficiency of the pleadings,

the response of the findings to the issues, and their sufficiency to support the judgment.

The complaint alleges the corporate capacity of plaintiff; that on the 4th day of June, 1914, the defendants executed and delivered a note for $8,000; that numerous payments of interest were made on the note, and a final payment of $6,922.75; that the balance due on the note is $1,643.91, which plaintiff has demanded, and the defendants have neglected and refused to pay. These seem to be the material allegations of the complaint. The pleader also alleges that the note was secured by a mortgage, and set out the mortgage in full as an exhibit, and that the mortgage was foreclosed, thereby accounting for the final payment. Why the pleader thought it necessary to account for the origin of the last payment we do not know.

[1] The answer denies the fourth paragraph except the demand on the defendants. The only material part of this paragraph is a statement that there is a balance due and unpaid. Obviously, this presented no issue to be tried. Defendants set forth, however, and pleaded that the property set out in the mortgage was sold to Bridget Riley, and that she assumed and agreed to pay the debt, claiming that thereby the said Bridget Riley became the principal debtor, and the makers of the note sureties only; and that the plaintiff without the consent of the defendants extended the time of payment to the prejudice of defendants. They also allege that the owner of the property, Bridget Riley, mortgaged the premises to the Security National Bank of Watertown for the payment of $3,000, and that such mortgage is superior to the claim of defendants for any deficiency arising from the foreclosure of the mortgage, thereby injuring defendants. Plaintiff replied to this, admitting the sale of the property to Bridget Riley subject to the mortgage of $8,000 securing the note sued upon, but denied that the transaction was without the consent of the plaintiff and denied extending the time of payment. We are at a loss to know on what theory the pleadings were framed.

[2-4] The court made but two findings of fact; namely, the court finds that the mortgage was given as alleged in the complaint, and closes by saying the mortgage was "ineligible for record." This was plainly a conclusion and not a finding of fact.

There is no finding of any fact rendering the mortgage ineligible to record; nor was the eligibility of the mortgage for record material since the action is brought against the makers. The second finding of fact is to the effect that the appellant took proceedings to foreclose the said mortgage by advertisement, and that the sale was void. There is no finding that the note has been paid, or that the balance due is not owing; that there is any extension of time on the note; that appellant had knowledge of the sale to Bridget Riley, and consented to accept her in lieu of respondents. The failure of security did not impair the obligation of the debt. Plainly the findings of fact are not responsive to the issues of the case, nor are they sufficient to support the judgment dismissing the action.

The judgment of the circuit court dismissing the action is reversed.

BURCH, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 202 N. W. 637. See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 489(1), 8 C. J. Sec. 1246; (2) Trial, Key-No. 404(2), 38 Cyc. 1980; (3) Bills and notes, Key-No. 452(1), 8 C. J. Sec. 1061 (1926 Anno.); (4) Trial, Key-No. 396(1), 38 Cyc. 1964, 1970.